UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


MARION E HUGHES, RAYMOND S. BATTS,
JAMES A. CRUME, TERRI A. ROGERS,
and PHILLIP L. WESTERN, individually and
on behalf of all other persons similarly situated                                              PLAINTIFFS


v.                                                                             CIVIL ACTION NO. 3:10-cv-746-JGH


UPS SUPPLY CHAIN SOLUTIONS, INC.,
UNITED PARCEL SERVICE, INC., and
DEFENDANT JOHN DOES 1-10                                                                       DEFENDANTS


**MEMORANDUM OPINION**


Defendants have removed this case to federal court on the grounds that § 301 of the Labor Management Relations Act of 1947, 28 U.S.C. § 185 ("LMRA"), preempts plaintiffs' state law claims. Plaintiffs now move to remand this case to state court, asserting that their verified amended complaint only asserts claims under Kentucky law. (DN 8).

Plaintiffs filed this action in Jefferson Circuit Court, alleging discrimination in employment and violations of Kentucky wage and hour statutory and regulatory law by defendants. Plaintiffs' Verified Amended Class Action Complaint and Jury Demand, ¶ 1. Plaintiffs allege that defendants adopted a "100% healthy" policy and refused to allow temporarily disabled employees to work until they were fully recovered and not subject to any work restrictions. *Id*., at ¶ 31, 32. Plaintiffs also allege violations of Kentucky wage and hour law by defendants for uncompensated time spent between checking into security check points and traveling to work stations. *Id*., at ¶ 51-54. In their original and amended complaint, plaintiffs name "UPS Supply Chain Solutions, Inc., United Parcel

Services, Inc., and Defendants John Doe 1-10" as defendants in this action. Id., at ¶ 6-9. Plaintiffs amended their complaint to add two additional named plaintiffs. *Id*., at ¶ 39, 10. Defendants then removed this case to federal court alleging these two additional named plaintiffs were union members and plaintiffs' claims were preempted by § 301. For the reasons set forth below, this court grants plaintiffs' motion to remand.

I.

"Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-92, 107 S.C.t 2425, 2429, 96 L.Ed.2d 318 (1987). The "well-pleaded complaint rule" governs whether federal question jurisdiction exists and provides that it exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. at 392. This rule "makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. An exception to this rule is the "complete preemption doctrine" where a statute has such preemptive force that it completely preempts an area of state law and any subsequent "claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*. at 393; *see also Klepsky v. United Parcel Services, Inc*., 489 F.3d 264, 269 (6th Cir. 2007) ("[a]n exception to the [well-pleaded complaint] rule exists...where federal law completely preempts state law on the relevant subject matter").

The Sixth Circuit has adopted a two-part test for evaluating claims of complete preemption for cases involving a collective bargaining agreement ("CBA") and the LMRA. *Klepsy*, 489 F.3d at 269.

> We first look to whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement and alternatively, whether the

>rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301.

*Id.* (internal citations omitted). If a plaintiff's claims are not directly connected to the terms of the CBA, they are not preempted and "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985); *Klepsky*, 489 F.3d at 270. "To the extent Defendant might somehow invoke the terms of the CBA as a defense, the Sixth Circuit has clearly held that such a defense does not turn an otherwise independent claim dependent on the labor contract." *Lewis v. Laborers Intern. Union of North America*, AFL-CIO, 387 F.Supp.2d 715, 716 (W.D. Ky. 2005) (quoting *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994)); *see also Alongi v. Ford Motor*, 386 F.3d 716, 727-28 (6th Cir. 2004) (the fact that a claim may ultimately be preempted by federal law does not effect whether jurisdiction exists under complete preemption) (citing *Livadas v. Bradshaw*, 5123 U.S. 107, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994)).

Defendants argue that because Kentucky's wage and hour statute, KRS 337, does not expressly define an applicable compensable work time situation that supports plaintiffs' claim, the union contract must be interpreted to determine whether the parties agreed that plaintiffs would be compensated for time between security checkpoints and work stations. Defendants' Response to Plaintiffs' Motion to Remand, at 16. Defendants claim that this necessitates removal to federal court under the complete preemption doctrine. *Id*.

Plaintiffs assert that their claims exist independently from the union contract and turn on Kentucky law, not an interpretation of the union contract. Plaintiffs brought this action based on independent state-law rights and not claims created by the collective bargaining agreement.

Plaintiffs seek "damages and all available relief under Kentucky law for Defendants' discrimination in employment and for Defendants' violation of applicable wage and hour statutory and regulatory law." Plaintiffs' Verified Amended Complaint and Jury Demand, at ¶ 1. Plaintiffs' claims are based upon statutory rights provided under Kentucky law that are unalterable by agreement. *See* KRS 336.700(2) ("no employer shall require as a condition or precondition of employment that any employee...otherwise diminish any existing or future claim, right, or benefit to which the employee or person seeking employment would otherwise be entitled under any provision of the Kentucky Revised Statutes"); KRS 337. "[I]t would be inconsistent with congressional intent under § 301 to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Caterpillar*, 482 U.S. at 395. Plaintiffs do not rely on rights created by the CBA, nor do plaintiffs seek relief provided only be the CBA. *See Klepsky*, 489 F.3d 264 (6th Cir. 2007) ("[a]lthough the causes of action that [plaintiff] pursues do not support preemption on their own, the *relief* he seeks is a different question, and does support preemption here," as the complaint requests reinstatement and this implicates rights under the CBA because Ohio follows the traditional common law doctrine of employment-at-will and does not provide such relief) (emphasis in original); *Callender v. Wilberforce University*, 2007 WL 4287663 (S.D. Ohio 2007) ("[a]lthough [plaintiff] alleges that Defendants had a duty to terminate only when there is 'just cause,' she has failed to prove that such a duty exists in Ohio independently of the [CBA]").

Defendants further argue that a reading of the express language of certain Kentucky regulations mandates removal. Defendants point to 803 KAR 1:065(3) which states that in order to determine compensable "waiting time" courts must consider all of the circumstances involved, including any agreements between the parties. However, "merely consulting a CBA in the course

of adjudicating state law claims is not enough" to establish complete preemption and require removal to federal court. *Klepsky*, 489 F.3d at 270 (quoting *Valinski v. Edison*, 197 Fed.Appx. 403, 409 (6th Cir. 2006)).

Plaintiffs' state law claims are based solely on rights created by state law and do not require substantial interpretation of the CBA. "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar*, 482 U.S. at 399. Plaintiffs' motion to remand must be granted.

II.

Defendants' removal was also procedurally defective, as removal was untimely and defendants waived the right to removal by affirmatively seeking relief in state court. 28 U.S.C. § 1446 governs proper removal to federal court and requires filing of a removal notice within thirty (30) days of receiving "through service or otherwise...a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). As measured from plaintiffs' original complaint, filed on October 10, 2007, the removal notice filed by defendants on December 14, 2010 is untimely. Defendants assert that the additional named plaintiffs in plaintiffs' amended complaint, Raymond S. Batts and James A. Crume, created grounds for removal under complete preemption by § 301 because they are union employees. Defendants' Response to Plaintiffs' Motion to Remand, at 1-2. Defendants assert that Batts and Crume are employed by United Parcel Service, Inc., an Ohio corporation ("UPS Ohio") and wholly owned subsidiary of United Parcel Services, Inc., a Delaware corporation ("UPS Delaware") and parent company of United Parcel Service of America. *Id.*, at 2-3. Defendants argue that because Batts and Crume were not named plaintiffs and UPS Ohio was not

a named defendant in the original action, they were not on notice union employees would be involved in the action because UPS Delaware does not employ any union employees. *Id*. at 3-7.

However, Plaintiffs' original complaint and subsequent discovery made clear plaintiffs were seeking relief on behalf of all Kentucky employees working at UPS Supply Chain Solutions and United Parcel Services, Inc. Plaintiffs' original and amended complaint both seek relief on behalf of "all current or former employees of UPS employed in the Commonwealth of Kentucky." *See* Plaintiffs' Motion to Remand at 2. Plaintiffs also formally served UPS Ohio with their original complaint in 2007. *See* Plaintiffs' Reply in Further Support of Plaintiffs' Motion to Remand, Exhibit A, B. Any burden from confusion concerning the two identical United Parcel Services Inc. entity names lies with defendants. *See Krupski v. Costa Crociere S. p. A*., __ U.S. __, 130 S.Ct. 2485, 2497-98, 177 L.Ed.2d 48 (2010) (holding burden of confusion of corporate entities on defendant where "Costa Cruise and Costa Crociere are related corporate entities with very similar names"). Defendants cannot now assert three years into litigation that they was confused about which of its entities was named in order to justify removal. Defendants were on notice from the filing of plaintiffs' original complaint that union employees could be involved. Therefore, defendants' removal is untimely.

Further, Defendants waived their right to removal by filing a motion to dismiss in state court while already on notice the class of plaintiffs could contain union employees and their alleged grounds for removal existed. "If a potentially dispositive motion, such as a motion to dismiss, is made and argued by the defendant, the state court's adverse decision cannot be 'appealed' to this Court by way of removal." *Bolivar Sand Company v. Allied Equipment, Inc*., 631 F.Supp. 171, 173 (W.D. Tenn. 1986) (citing *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F.Supp 1476,

1480 (C.D. Ill. 1980)); *See also McKinnon v. Doctor's Associates, Inc.*, 769 F.Supp. 216, (E.D. Mich. 1991) (defendants waived right to remove by seeking enforcement of arbitration clause as this constituted an "affirmative action resulting in a decision on the merits of their defense"); *Bedell v. H.R.C., Ltd.*, 522 F.Supp. 732, 738 (E.D. Ky. 1981) (motion to dismiss in state court not a waiver of right to removal where motion only sought to dissolve a temporary restraining order and did not request any final determination upon the ultimate merits of the controversy).

Defendants moved for partial judgment on the pleadings, seeking to dismiss the plaintiffs' Kentucky wage and hour claim with prejudice. Plaintiffs' Motion to Remand, Exhibit C, ¶ 3. Defendants' dispositive motion was fully briefed and a hearing was held in the Jefferson Circuit Court to address the merits of the motion. *Id.*, at ¶ 4, 5. The Jefferson Circuit Court entered an order denying defendants' motion for partial judgment on the pleadings. *Id.*, at ¶ 7. "The law is clear that a defendant may, by making affirmative use of the processes of state court, waive the right to remove the action to federal court. The basis for this rule of law is that it is unfair to permit a defendant to experiment with his case in state court, and upon adverse decision, remove the case for another try in federal court." *Rose v. Giamatti*, 721 F.Supp. 906, 922 (S.D. Ohio 1989) (internal citations omitted) (citing *Bedell v. H.R.C., Ltd.*, 522 F.Supp. 732, 738 (E.D. Ky. 1981)). Therefore, defendants waived their right to removal and for this reason also, plaintiffs' motion to remand should be granted.

An order consistent with this opinion will be entered on this date.

September 30, 2011

Charles R. Simpson III, Judge
United States District Court